UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| KIMMARA  BELK | ) | |
| 1114 Barnaby Terrace, SE | ) | |
| Washington, DC 20018 | ) | |
| | ) | |
| Plaintiff | ) | Civil Action _____ |
| vs. | ) | |
| | ) | Jury Demanded |
| DISTRICT OF COLUMBIA | ) | |
| (A Municipal Corporation) | ) | |
| 441 Fourth St., NW | ) | |
| Washington, DC 20001 | ) | |
| | ) | |
| Serve: Honorable Vincent C. Gray, | ) | |
| Mayor | ) | |
| | ) | |
| Serve : Irvin B. Nathan, Esq. | ) | |
| Attorney General | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DAVID MIRAMONTES, M.D | ) | |
| 2000 14th Street, NW | ) | |
| Suite 500 | ) | |
| Washington, DC 20009 | ) | |
| | ) | |
| Defendants | ) | |

COMPLAINT

COMES NOW the Plaintiff, Kimmara Belk, by and through her undersigned counsel, and

sues Defendant District of Columbia and David Miramontes, M.D., and for her cause of action

states as follows:

PARTIES

1.  Defendant District of Columbia is a governmental organization and municipal corporation.  the Fire and Emergency Medical Services Department (FEMS) is a subordinate agency of the District of Columbia government.  Defendant District of Columbia is headquartered at 441 Fourth Street, N.W., Washington, DC 20001.

2.  Defendant David Miramontes, M.D., is the Medical Director of the Medical Services Division of FEMS.

3.  Plaintiff Kimmara Lee is an employee of the District of Columbia Emergency Medical Services Division of FEMS. She resides at 111r Barnaby Terrace, Washington, DC.  Ms. Belk is a United States citizen.

4.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as it asserts a claim that arises under the Constitution, laws or treaties of the United States, specifically Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), and 42 U.S.C. § 1981a. It further has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as it asserts claims that arise under the District of Columbia Human Rights Act, D.C. Code § 2-1401.01, *et seq.* ("DCHRA").

JURISDICTION

5.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1343.

VENUE

6.  Venue is proper in the District of Columbia under 28 U.S.C. § 1331 and 29 U.S.C. § 1402 because the acts and omissions that give rise to this Complaint occurred within the District of

Columbia.

.  7.  Venue is further proper because Defendants have their principal office in the District of

Columbia.

EXHAUSTION OF REMEDIES

9  Plaintiff has exhausted all of her administrative remedies.

10.  Plaintiff timely contacted the United States Equal Employment Opportunity Commission

("EEOC") and the District of Columbia Office of Human Rights ("OHR") and cross-filed a

Complaint against Dr. Miramontes and the Department alleging discrimination based on race and

sex.  .

11.  Plaintiff timely files this action in accordance with the EEOC Notice of Right to Sue,

dated December 27, 2013, which was received less than 90 days ago and which provided

Plaintiff the right to file this Complaint within 90 days of receipt of the Notice.

12.  Plaintiff hereby timely files this action within 90 days after receipt of that notice and

brings this action for discrimination on the basis of race and sex/pregnancy.

FACTS

13.    Plaintiff hereby incorporates, by reference hereto, the facts, law, and/or allegations

contained within the preceding paragraphs, as fully set forth herein.

14.  Plaintiff is a black, female Paramedic employed in that capacity by FEMS since 1993.

15.  On December 20, 2011, Dr. Miramontes placed Ms. Belk's Paramedic certification in an

inactive status allegedly for an incident which had occurred on November 7, 2011.

16.   By placing Ms. Belk's Paramedic certification in an inactive status Ms. Belk was

prohibited from serving as a Paramedic.

3

17. Dr. Miramontes placed Ms. Belk in inactive status even though he had been advised that Ms. Belk's actions during the incident on November 7, 2011 did not violate protocol.

18. Dr. Miramontes told Ms. Belk that he would never approve her working as a Paramedic and that she should voluntarily agree to become an emergency medical technician (EMT) a lower level position at a lesser salary.

19. Dr. Miramontes told Ms. Belk that if she did not accept the demotion she would be terminated.

20. Ms. Belk refused to accept the demotion.

21. Dr. Miramontes assigned Ms. Belk to remedial training at the FEMS Training Academy which was to cover all areas of Paramedic activities and which he insisted was necessary to restore her paramedic certification.

22. Dr. Miramontes subsequently removed Ms. Belk from Paramedic remedial training stating:

> She currently <u>does not hold ANY certification</u> to practice as an EMT or otherwise. (Emphasis in original) As such she is to be removed from operations and Training and reassigned. She may apply for an EMT-basic certification for which I will endorse but she will not practice as a ALS provider under my Medical Direction now or in the future. Any ALS remediation action plans can therefore be terminated.

23. Ms. Belk, after a pregnancy and maternity leave, returned to remedial training and passed all tests successfully and was returned to the field as a Paramedic.

24. Prior to returning Ms. Belk to the field she had filed an EEO complaint.

25. Doctor Miramontes subsequently was advised that Ms. Belk had not notified a hospital before her arrival and consequently removed Ms. Belk from the field again and once again

ordered that she receive complete remedial training although the alleged error was quite narrow.

26.  Once again, Ms. Belk passed her remedial training and field testing.

27.  When Ms. Belk passed her final examination given by Dr. Miramontes himself, he

ordered her to report to the Police and Fire Clinic for drug testing on the off chance he could

remove her in this fashion.

28.  Ms. Belk had never failed a drug test, and did not do so that time either.

29.  Other EMS Division employees who were not black and female, or who were black and

female but did not meet the stereotype of black and female, with more serious clinical allegations

did not have their certification removed.

30.  Other EMS Division employees who were not black and female, or who were black and

female but did not did not meet the stereotype of black and female, with more serious clinical

allegations were not required to undertake full remedial training and testing, but rather limited

remedial training in the area of their alleged error.

## CAUSES OF ACTION

### Count I
### Sex Discrimination/Female; Pregnancy

31.  Plaintiff hereby incorporates, by reference, the facts, law, and allegations contained

within the preceding paragraphs, as fully set forth herein.

32.  As a female, Plaintiff is a member of a protected class.

33.  Defendants have intentionally discriminated against Plaintiff by treating her differently

from, and less favorably than, similarly situated males and female who were black but did not did

not meet the stereotype of black and female by subjecting her to the aforementioned unlawful

conduct because of her gender and pregnancy status.

34. Plaintiff performed well and met all of Defendant's legitimate expectations.

35. Defendants' failure to comply with Title VII and the District of Columbia Human Rights Act (DCHRA) was willful and without justification.

36. Defendants knew, or should have known, or showed reckless disregard for, the fact that their conduct was in violation of Title VII and the DCHRA.

37. Because of the continuous and persistent nature of Defendants' discriminatory conduct, throughout the employment of Plaintiff, the continuing violation doctrine applies to all of the violations alleged herein.

38. Defendants' conduct has been intentional, deliberate, willful, malicious, reckless and in callous disregard of the rights of Plaintiff because of her gender (female) and pregnancy status.

39. Defendant District of Columbia is directly liable for the discriminatory acts or omissions of its agents, servants and employees while acting within the course and scope of their employment under the theory of Respondeat Superior.

40. As a direct and proximate cause of Defendants' conduct alleged in this Complaint, Plaintiff suffered and continues for suffer from harm, injury and monetary damages — including but not limited to past and future loss of income, benefits, promotion and promotional opportunities, career opportunities, expenses and costs — and is entitled to all available legal and equitable remedies.

41. Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and her injury is permanent in nature. Defendants' treatment of plaintiff and actions against her are ongoing.

42.  Plaintiff has incurred lost wages including lost overtime, loss of reputation and loss of career opportunity now and into the future, and all of the other losses stated without Plaintiff contributing in any way thereto.

43.  Defendant's unlawful conduct negatively impacted the terms and conditions of Plaintiff's employment.

44.  Any reason proffered for Defendant's unlawful conduct would not be legitimate, and it would be pretext.

45.  Defendant Miramontes knew that Plaintiff was a black female prior to assigning her to undesirable assignments, not permitting her to take part in required training opportunities, unjustly reprimanding her, and unfairly characterizing her behavior.

46.  Plaintiff has been treated differently and subjected to different terms and conditions of her employment due to her gender (Female) and her pregnancy status.

47.  Defendant has limited, segregated and classified Plaintiff in a way that deprives her of employment and certification opportunities and otherwise adversely affects her status as an employee because of her gender and pregnancy status.

48.  Other employees who were similarly situated, but members of a different protected class than Plaintiff, have been treated more favorably than Plaintiff in the terms and conditions of employment.

49.  Plaintiff believes that she has been unjustly disciplined, generally targeted and subjected to a hostile work environment which her similarly situated coworkers were not subjected to.

50.  Defendant Miramontes intentionally discriminated against Plaintiff because of her gender and pregnancy status.

51. Plaintiff's gender and pregnancy status was one factor and/or basis for Defendant's aforementioned unlawful conduct.

WHEREFORE, Plaintiff respectfully prays that the Court:

a. Award compensatory damages in excess of Two Hundred Thousand Dollars ($200,000.00);

b. Award damages and equitable relief for all harm Plaintiff has sustained as a result of Defendants' unlawful conduct including her loss of promotional potential, reputation, loss of wages, lost job benefits she would have received but for Defendants' unlawful conduct;

c. Award reasonable attorney fees, costs and expenses incurred for this action; and

d. Provide other and further relief as this Court deems just and proper.

Count II
Race Discrimination (Black)

52. Plaintiff hereby incorporates, by reference, the facts, law, and allegations contained within the preceding paragraphs, as fully set forth herein.

53. All of the acts complained of above were also the result of Defendant Miramontes' discrimination against the Plaintiff as a result of her race (Black) and Defendant Miramontes' stereotypical and discriminatory belief that black woman are incapable of acceptably performing the tasks of a Paramedic.

54. All of the facts, law, and allegations set out above apply equally to the Plaintiff's claim of discrimination against Defendants as a result of her race.

WHEREFORE, Plaintiff respectfully prays that this the Court:

a. Award compensatory damages in excess of Two Hundred Thousand Dollars ($200,000.00);

b. Award damages and equitable relief for all harm Plaintiff has sustained as a result of

Defendants' unlawful conduct including her loss of promotional potential, reputation, loss of wages, lost job benefits she would have received but for Defendants' unlawful conduct;

   c.  Award reasonable attorney fees, costs and expenses incurred for this action; and

   d.  Provide other and further relief as this Court deems just and proper.

Respectfully submitted,

/s/ Frederic W. Schwartz, Jr

Frederic W. Schwartz, Jr.

1001 G Street, NW

Suite 800

Washington, DC 20001

(202) 463-0880  197137

FAX: (202) 247-6010

Email: fws888@aol.com

Attorney for Plaintiff